## CARSON, Respondent, v. ELY, Appellant.

1. The voluntary expenditure of work and labor upon the property of another, is not of itself sufficient to create a cause of action against the owner.

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Harding*, for appellant.
*Gantt*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

We have been a good deal perplexed in this case on account of the imperfect manner in which the plaintiff has stated in the petition what we suppose he intended to rely upon as the ground of his action. The goods were to be transported from New Orleans to Chicago, and the Georgia, upon which they were shipped at New Orleans, had the privilege of delivering them at St. Louis, at which place the plaintiff, who was a forwarding and commission merchant there, as well as the agent of the St. Louis and Chicago Transportation Company, was designated in the bills of lading as the consignee. The plaintiff sought to recover for money advanced and the commission for advances and forwarding, on the alleged ground that he had sent the goods forward and paid out money to put them in order for that purpose. The defendants insisted that their contract was exclusively with the St. Louis and Chicago Transportation Company; that the plaintiff was not the consignee of the goods, and had no authority whatever to meddle with them, except as the company's agent; and that if he bestowed any labor or expense on them, it was a voluntary act on his part, for which they were not liable.

The plaintiff contented himself with stating in his petition that he did the work and expended the money on the goods which he seeks to recover; but he does not state that it was done at the defendant's request, or that they promised to pay him for it; nor does he state even in general terms a legal liability on the part of the defendant to pay; or that the plaintiff was the consignee of the goods, and had them in his possession as such; or any other fact or circumstance from which we would be authorized to raise, as a matter of law, an implied promise or a legal liability on the part of the defendants to pay. The petition, we think, is clearly insufficient. It is impossible to say, as a matter of law, that one who voluntarily does work or expends money about the property or business of another, can recover on that ground only. Undoubtedly, when

property is about to perish, one who voluntarily takes such care of it as may be necessary for its preservation, ought to be allowed to recover to the extent, at least, to which the absent owners are benefitted by the voluntary expenditure of labor or money ; but that is not the ground on which the plaintiff seeks to recover here, nor, indeed, would that principle be sufficient to support the recovery actually had.

It is to be observed that the defect we have pointed out is not a mere variance, within the meaning of the code, which does not prejudice the party who is guilty of the fault, unless the objection be taken advantage of at the time, but is the entire omission of a material fact necessary to be alleged and proved in order to entitle the party to relief. If, however, it were found that it was the duty of the plaintiff, as the original consignee, according to the course and custom of the trade, to secure and forward the goods, notwithstanding the subsequent arrangement of the owners with the Transportation Company, on the company's refusing to do it under their contract, and that he did, in fact, so receive and forward them, acting for himself and not as the agent of the company, then it might be argued that what was omitted in the proof was sufficiently put upon the record by the finding, and that a reversal, under such circumstances, would be a reversal for a formal and not a substantial defect. There is no ground here, however, for such an argument, even if it could be allowed to prevail. The finding does not supply the omission in the petition, even if we suppose they could be supplied in this way. The court, it is true, found that the plaintiff was the original consignee of the goods, and that the Hillman declined taking them on account of the condition they were in ; but it is not expressly found that the company declined receiving the goods, nor is it distinctly found that the plaintiff received them in his individual capacity on account of the company's declining to do so, and that he forwarded them, acting for himself and not as the agent of the company. We shall, therefore, reverse the judgment, in order that the cause may be retried. The plaintiff can then

ask leave to amend his *petition*, and, upon the trial, the question, we suppose, will be, whether it was the duty of the plaintiff, under the circumstances of the case, as the original consignee, to receive and forward the goods upon the Transportation Company's declining to do so ; and whether, in fact, he did so receive and forward them, acting for himself, or whether what he did, in that respect, was done as the agent of the company, under their contract with the owner.

The judgment is reversed, and the cause remanded.